919 So.2d 92 (2005)
Ellis DAWKINS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00014-COA.
Court of Appeals of Mississippi.
May 24, 2005.
*93 Ellis Dawkins, Appellant, pro se.
*94 Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Ellis Dawkins entered a plea of guilty on August 19, 2002, to the capital rape of his daughter, who was aged ten at the time of the assault. Dissatisfied with receiving the minimum sentence of twenty years (ten of which were suspended) and five years of post-release supervision, Dawkins filed a motion for post-conviction relief on October 2, 2003. The motion was denied without a hearing by the circuit court. Dawkins appeals that denial raising numerous issues, most of which are directly contradicted by his petition to enter plea agreement and the plea qualification hearing. Finding no error in the trial court's denial of post-conviction relief, we affirm.

STATEMENT OF FACTS
¶ 2. Ellis Dawkins was indicted by the grand jury of Marshall County, Mississippi, on October 7, 1998; count one of the indictment charged Dawkins with statutory rape of child under the age of fourteen between January 1 and June 30, 1998, in violation of section 97-3-65(1) of the Mississippi Code; count two charged Dawkins with sexual battery of the same child, aged ten at the time, on or about July 22, 1998, in violation of section 97-3-95(d) of the Mississippi Code. The record before us is silent as to the reason for delay in bringing Dawkins to trial on these charges. On August 19, 2002, Dawkins signed a sworn "petition of defendant for court to accept plea," in which he pled guilty to capital rape. At a hearing later that day, the circuit judge informed Dawkins of his constitutional rights and questioned him extensively about his knowledge of those rights and his understanding that, in pleading guilty, he was waiving those rights. In response to questioning, Dawkins admitted that he was in fact guilty of the crime of capital rape, denied suffering from any type of disability which might impair his ability to understand the court proceedings, denied that anyone had intimidated or coerced him into pleading guilty, and acknowledged that he had reviewed the plea petition with his attorney and was satisfied with the services of his attorney.
¶ 3. Circuit Court Judge Andrew K. Howorth determined that Dawkins freely and voluntarily offered his plea of guilty to capital rape and, based upon the court's observation of Dawkins before the bench, found him capable and competent to enter the plea. The court accepted Dawkins's plea of guilty to the crime of capital rape and sentenced him, in accordance with the recommendation of the State, to the minimum sentence of twenty years, with ten years suspended and five years' post-release supervision. The maximum sentence for statutory rape by someone of Dawkins's age is life imprisonment. See Miss. Code Ann. § 97-3-65(2)(c) (Rev.2000).
¶ 4. On petition for post-conviction collateral relief, Dawkins disavowed his admission of guilt, alleging the following: his plea was involuntary as he was "mentally incompetent" from the false accusations; his right to a speedy trial had been violated; the prosecution had coerced him into pleading guilty with false evidence; and his counsel had provided him ineffective assistance. Judge Howorth denied Dawkins's motion for post-conviction relief without an evidentiary hearing. Dawkins has appealed to this Court seeking reversal of the circuit court's ruling.

ISSUES AND ANALYSIS

I. WHETHER THE CIRCUIT COURT ERRED IN NOT GRANTING *95 THE PETITIONER A HEARING OR APPOINTED COUNSEL IN THE POST-CONVICTION PROCEEDINGS.
¶ 5. Dawkins raises two procedural issues regarding the circuit court's handling of his motion for post-conviction relief: the court's decision not to grant Dawkins a hearing before dismissing the motion for post-conviction relief and the court's denial of appointed counsel. The statute regarding summary dismissal of a motion for post-conviction relief is clear and reads as follows:
If it plainly appears from the face of the motion, any annexed exhibits and prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
Miss.Code Ann. § 99-39-11(2) (Rev.2000). In Smith v. State, the Mississippi Supreme Court stated:
Smith's current contentions and credibility are certainly suspect. When we compare his previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a "sham," thus allowing the summary dismissal of the petition to stand.
Smith v. State, 636 So.2d 1220, 1224 (Miss. 1994). Most of Dawkins's contentions are directly contradicted by his petition to enter plea agreement and the plea qualification hearing. Judge Howorth specifically asked Dawkins, "Has anybody done anything to intimidate you, coerce you, beat you, intimidate you, anything else to try to force you to plead guilty?" To which, Dawkins responded, "No, sir." The judge also asked Dawkins, "Has anybody promised you a lighter sentence, ... any other type of inducement, a reward or anything like that to try to persuade you to plead guilty?" To which, Dawkins again responded, "No, sir." Judge Howorth asked Dawkins, "Are you suffering from any type of disability, physical, mental or otherwise, that might impair or affect your ability to understand what's going on here today?" Dawkins replied, "No, sir." When asked if he was satisfied with his attorney, Dawkins responded, "Yes, sir." The supreme court has held that allegations in post-conviction pleadings that are completely contradicted by the sworn testimony in the record do not require a hearing. Taylor v. State, 682 So.2d 359, 364 (Miss.1996). Denial of an evidentiary hearing was, thus, justified with respect to the majority of Dawkins's contentions by this reason alone.
¶ 6. Dawkins raises two issues which we discuss separately as they are not directly contradicted by his prior sworn testimony. However, we agree with the trial court's determination that no hearing was required with respect to either issue. The Mississippi Supreme Court has stated:
By statute and under long-established precedent, the movant in a post-conviction relief motion must make some reasonable demonstration of the actual existence of evidence that, if shown satisfactorily at a hearing, would indicate an entitlement to relief. Mere unsupported assertions contained in the motion may be disregarded by the trial court and the motion dismissed without the necessity of a hearing.
Davidson v. State, 850 So.2d 158, 159-60 (¶ 4) (Miss.Ct.App.2003) (citations omitted).
¶ 7. First, Dawkins makes unusual allegations that a "Judge Lance"[1] dismissed *96 the capital rape case on May 5, 2000, and that the prosecution made a "motion" to defense counsel giving him "permission" to dismiss the case in August of 2000. These allegations are contradictory on their face. Had the trial judge dismissed the case on May 5, 2000, the prosecution would have no need to give "permission" to Dawkins's counsel to dismiss the case in August of 2000. Dawkins provides no evidence that either of these events occurred. There are no affidavits either of the judge in question or of the unidentified prosecutor who allegedly gave permission to dismiss the charges. Further, in the order denying post-conviction relief, the circuit court judge confirms that he reviewed "the court file in this case" and considered all matters "in light most favorable" to Dawkins. If there were anything in the record to substantiate Dawkins's claims of dismissal in May or a motion in August of 2000, the circuit court judge surely would have identified it. This Court finds no evidence presented by Dawkins that would require an evidentiary hearing on this issue.
¶ 8. Second, Dawkins contends that an FBI Report of Examination of certain deoxyribonucleic acid (DNA) samples submitted in connection with the case (attached to his petition) proves his innocence and that his counsel misunderstood the report and incorrectly advised him to plead guilty. The DNA report refutes rather than supports Dawkins's allegations of innocence. The DNA analysis could not exclude Dawkins as a potential contributor of the male DNA obtained from the victim's panties. The report stated that "the probability of selecting an unrelated individual at random from the general population who could be a potential contributor to the mixture of DNA from [the panties] was 1 in 2.4 billion from the Black population, approximately 1 in 5.3 billion from the Caucasian population, approximately 1 in 2.2 billion from the Southeastern Hispanic population, and approximately 1 in 12 billion from the Southwestern Hispanic population." The report noted that the victim and Dawkins "account for all of the results obtained from [the] specimen...."[2] Nonetheless, Dawkins contends that the report evidenced his innocence as vulvar and rectal swabs from the victim produced "no conclusive typing results ... for comparison to [Dawkins.]" Further, Dawkins construes the report's conclusion that "[n]o STR [short tandem repeat] typing results unlike the [victim] specimen were obtained from [the panties]" to mean that the DNA on the panties "did not match" the victim.
¶ 9. On its face, the report condemns rather than exonerates Dawkins. While some of the arguments Dawkins raises on appeal might have been addressed on cross-examination of the DNA examiner,[3] the report itself does not, on its face, raise any question concerning Dawkins's guilt. Dawkins has failed to demonstrate the actual existence of evidence which would indicate his entitlement to relief. Accordingly we find that the circuit court judge did not err in denying Dawkins an evidentiary hearing.
*97 ¶ 10. As no evidentiary hearing was required, there was no need for the trial court to appoint counsel for Dawkins. Section 99-39-23(1) of the Mississippi Code provides that counsel may be appointed for post-conviction proceedings if an evidentiary hearing is required. Miss. Code Ann. § 99-39-23(1) (Rev.2000) (emphasis added). Further, the supreme court has held "a criminal defendant has neither a state nor federal constitutional right to appointed counsel in post-conviction proceedings." Moore v. State, 587 So.2d 1193, 1195 (Miss.1991). Dawkins's assignment of error in the court's refusal to appoint counsel is without merit.

II. WHETHER DAWKINS'S COURT APPOINTED COUNSEL AND PROSECUTING ATTORNEY USED MISREPRESENTATION TO OBTAIN A PLEA OF GUILTY.
¶ 11. Dawkins now claims that his counsel informed him that he would be eligible for parole after one year. This claim is contradicted by the signed plea agreement, which stated the agreed to sentence was twenty years with ten years suspended and made no mention of parole. Dawkins testified to the judge that he had reviewed the plea agreement, understood it, and wished to plead guilty based on the agreement.
¶ 12. Dawkins also claims that he was coerced into the plea agreement by false evidence, including the DNA test the FBI performed.[4] The DNA report could not exclude Dawkins as the source of the semen found in his daughter's panties. There is no evidence that the prosecutor or Dawkins's counsel told Dawkins anything but the truth with respect to the DNA analysis. The State apparently informed Dawkins the evidence was sufficient to convict him, and offered him a plea instead of trial. The record reflects that Dawkins voluntarily accepted this plea on the advice of his counsel.
¶ 13. The plea acceptance record completely contradicts Dawkins's claims that he was coerced into pleading guilty. When claims are contradicted by the record of the plea acceptance, they may be labeled as a "sham" by the court and be disregarded. Taylor v. State, 682 So.2d 359, 363 (Miss.1996) (citing King v. State, 679 So.2d 208, 210-11 (Miss.1996)). Since Dawkins's claims fall outside the record, the allegations can be disregarded by this Court. This issue is without merit.

III. WHETHER DAWKINS'S GUILTY PLEA WAS MADE INVOLUNTARILY OR UNKNOWINGLY AND WHETHER PETITIONER'S 5TH, 6TH, OR 14TH UNITED STATES CONSTITUTIONAL RIGHTS WERE VIOLATED.
¶ 14. "[The] determination of voluntariness may be evaluated by looking to see whether the defendant was advised of the nature of the charges against him, the rights which he would be waiving by pleading guilty, the maximum sentences that he could receive for the crimes with which he was charged and whether he was satisfied with the advice and counsel of his attorney." Gunter v. State, 841 So.2d 195, 197(¶ 4) (Miss.Ct.App.2003). "A plea is voluntary if the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence *98 might be because of his plea." Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991).
¶ 15. The only evidence for this Court to examine is the plea qualification record. During the plea hearing, Dawkins testified that his plea was voluntary and that he understood his rights. The judge assured that Dawkins was aware of the charges against him. Dawkins was also informed of his rights to a speedy trial, the right to trial by jury, and his right to confrontation of witnesses. The plea hearing shows that Dawkins voluntarily waived each of these rights. The judge specifically informed Dawkins of the maximum punishment for capital rape. The judge satisfied each of the elements required to render a guilty plea voluntary.
¶ 16. Dawkins alleges that he is innocent and was so threatened by the prosecutor and his own attorney that he became "mentally incompetent" at the time the plea was entered. Without more, this Court cannot grant Dawkins relief. Further, Dawkins testified at the plea qualification hearing that he was not suffering from any type of disability which might impair his ability to understand the court proceedings and no one had intimidated or coerced him into pleading guilty. Judge Howorth observed Dawkins and determined that his plea of guilty was offered freely and voluntarily and found him capable and competent to enter the plea. Therefore, this issue is without merit.
¶ 17. Dawkins further claims that he was denied the right to a speedy trial.[5] It is clear from the record that Dawkins was advised of his right to a speedy trial by Judge Howorth before the plea was accepted and that Dawkins acknowledged that he was waiving this right. The supreme court has held that the statutory and constitutional right to a speedy trial is waived by entry of a valid guilty plea. Anderson v. State, 577 So.2d 390, 391 (Miss.1991). Therefore, this issue is without merit.

IV. WHETHER PETITIONER'S PLEA OF GUILTY WAS SUPPORTED BY THE EVIDENCE.
¶ 18. Dawkins claims that his plea of guilty is not supported by the evidence, and that proof is required to accept a plea of guilty. This Court has held many times that a defendant waives his right to challenge the State's evidence by entering a valid guilty plea. Young v. State, 797 So.2d 239, 246(¶ 17) (Miss.Ct.App.2001); Johnson v. State, 753 So.2d 449, 456 (¶¶ 17-18) (Miss.Ct.App.1999); Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). Dawkins's contentions are without merit.

V. WHETHER PETITIONER IS ENTITLED TO RELIEF BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 19. Dawkins's final claim is that his appointed counsel was ineffective. Dawkins makes claims that his attorney acted in concert with the prosecutor, did not discuss the DNA results with him, misunderstood the analysis, misrepresented *99 to him that the DNA report evidenced Dawkin's guilt and erroneously advised him to accept the plea agreement. We find this argument to be wholly without merit. The Mississippi Supreme Court has adopted the Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), test for determining ineffective assistance of counsel claims. Eakes v. State, 665 So.2d 852, 872 (Miss. 1995). "A defendant must show that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial." Johnson v. State, 753 So.2d 449, 452(¶ 5) (Miss.Ct.App.1999) (citing Eakes, 665 So.2d at 872). Both elements of the test must be proven by the defendant. Brown v. State, 626 So.2d 114, 115 (Miss.1993). "There is a strong, yet rebuttable, presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Cole v. State, 666 So.2d 767, 775 (Miss.1995) (citing Frierson v. State, 606 So.2d 604, 608 (Miss.1992)). To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052(¶ 20).
¶ 20. The record reflects that it is Dawkins, rather than his appointed counsel, who misunderstood the import of the DNA analysis. Cognizant of the effect the DNA analysis would have on Dawkins's case, his counsel was able to secure a plea agreement of twenty years in prison, which is the minimum allowed by statute. Had Dawkins been found guilty, he could have been sentenced to life in prison. Dawkins has not demonstrated that his counsel was ineffective in reviewing the DNA evidence and advising Dawkins to plead guilty.
¶ 21. Dawkins finally contends that his attorney misrepresented to him that he "did not have a right to appeal." Dawkins's counsel was correct. Since Dawkins entered a guilty plea, he was not entitled to a direct appeal. Section 99-35-101 specifically provides that "an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." Miss. Code Ann. § 99-35-101; see also Walton v. State, 752 So.2d 452, 454-55(¶ 6) (Miss. Ct.App.1999) (by pleading guilty, criminal defendant bypasses the right to direct appeal). During the plea qualification hearing, Judge Howorth explained to Dawkins that "except for some very limited circumstances, you waive or give up the right to an appeal if the Court accepts your plea of guilty." When asked if he understood, Dawkins replied, "Yes, sir." Dawkins's contention is without merit.
¶ 22. For these reasons, we affirm the circuit court's summary denial of the petition for post-conviction relief.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.
NOTES
[1] This Court is unaware of any Judge Lance serving the circuit court district in which Dawkins was convicted during the time frame at issue. This Court can only assume that Dawkins is attempting to refer to either Judge William R. Lamb or Judge Henry L. Lackey.
[2] Dawkins attempted to explain this finding by alleging that the mother of the victim, with whom he was having a sexual relationship, must have "wipe[d] herself" with the child's panties following a sexual encounter with Dawkins in an attempt to "set [him] up."
[3] For example, the witness could have been cross examined regarding the "double negative" "no STR typing results unlike the [victim]" which lead Dawkins to believe the report showed that the panties did not contain DNA of the victim or could have addressed Dawkins's contention that his son could have been the source of the DNA since he is "related to" Dawkins and the report merely discusses the probabilities that the DNA came from an "unrelated" source.
[4] Dawkins also claims that his counsel and the prosecutor misrepresented the existence of a videotape that showed Dawkins "had sex with his daughter so much that it looked like she ha[d] had 3 or 4 babies." He has offered no evidence that the tape did not, in fact, exist.
[5] Dawkins makes a second timeliness argument as well; he claims that he was not tried within two years; therefore, the action was barred by a two-year statute of limitations. Mississippi Code Annotated Section 99-1-5 provides a two-year limitation on the prosecution of a number of crimes. Rape, however, is expressly excluded. Miss.Code Ann. § 99-1-5 (Rev.2000). By necessity, statutory rape is included within this exception. Op. Atty. Gen. No.XXXX-XXXX. Further, the limitation applies to the time between the commission of the crime and the commencement of the prosecution. See Miss.Code Ann. § 99-1-5 (Rev. 2000). Prosecution may be commenced by indictment. See Miss.Code Ann. § 99-1-7 (Rev.2000). In the instant case, Dawkins was indicted, and his prosecution thus commenced, within ten months of the crime.