ISHEE, J., for the Court:
¶ 1. On September 20, 2012, Paul Hernandez was convicted by a jury in the Harrison County Circuit Court of two counts of statutory rape. He was sentenced to twenty years on each count, with twenty years suspended and five years to serve on probation, all in the custody of the Mississippi Department of Corrections (MDOC). Hernandez filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The motion was denied. Aggrieved, Hernandez appeals.
STATEMENT OF FACTS
¶ 2. In February or March of 2007, Hernandez, his wife, Jennifer, and their children moved from New Mexico to Saucier, Mississippi. Initially, the Hernandez family moved into the home of Jennifer’s father and stepmother, where they resided with Jennifer’s half sister, S.H.[1] S.H., born on July 1, 1992, was fourteen years old at the time. Hernandez, born December 6, 1967, was thirty-eight years old.
¶ 3. Soon after the family’s move, a relationship evolved between Hernandez and S.H. S.H. became infatuated with Hernandez and, according to her, they frequently conversed via text message, laid in bed together, and even kissed. In May 2007, the Hernandez family moved into a nearby camper, and S.H. began to visit them regularly. It was then, S.H. testified, that she and Hernandez “engaged in intercourse” for the first time.
¶ 4. During the summer of 2007, Hernandez moved with his wife to a larger trailer but continued his relationship with S.H. S.H. stated that she and Hernandez would engage in sexual activity whenever the opportunity presented itself. At times, *891 the activity occurred while Jennifer was away at work, during the weekdays, on the weekends, or whenever others were not present. S.H. also maintained, though, that sexual intercourse even occurred in the presence of others while they were sleeping. S.H. stated that Hernandez told her that he would one day leave Jennifer for her.
¶ 5. The sexual affair continued until S.H.’s senior year of high school in May 2010. S.H. asserted that the couple mutually agreed to end the relationship. In August 2010, S.H. reported the relationship to the Harrison County Sheriffs Office. S.H. believed that she had been taken advantage of by Hernandez. S.H. provided investigators with details of their sexual relationship, including nearly 300 intimate photographs of the couple that had been taken by S.H. and downloaded on compact discs by Hernandez. Subsequently, Hernandez was arrested.
¶ 6. In March 2011, Hernandez was in-dieted by a grand jury on six counts, including multiple counts of statutory rape, sexual battery, and touching of a child for lustful purposes. On May 15, 2012, Hernandez filed a motion to dismiss the charges of statutory rape, alleging that the statute of limitations had run. Hernandez argued that while rape is one of the crimes exempt from the statute of limitations, statutory rape is not; therefore, the statute of limitations for S.H.’s allegations had run. The circuit court denied the motion.
¶ 7. A trial took place from September 18-20, 2012. Hernandez was convicted by a jury of two counts of statutory rape and was sentenced to twenty years on each count, with twenty years suspended and five years of probation. He filed a motion for a JNOY or, in the alternative, a new trial, which was denied. Hernandez now appeals, arguing: (1) the circuit court erred by refusing to dismiss the counts of statutory rape based on the expiration of the statute of limitations; and (2) the jury’s verdict was against the sufficiency and weight of the evidence.
DISCUSSION
I. Motion to Dismiss
¶ 8. In reviewing a grant or denial of a motion to dismiss, this Court applies a de novo standard of review. Spencer v. State, 880 So.2d 1044, 1045 (¶6) (Miss. 2004) (citation omitted). Hernandez argues that the circuit court erred by denying his motion to dismiss, because the statutory-rape charges were barred by the statute of limitations set forth in Mississippi Code Annotated section 99-1-5 (Supp.2013). Section 99-1-5 states in pertinent part: “[t]he passage of time shall never bar prosecution against any person for the offense[ ] of ... rape.... A person shall not be prosecuted for any other offense not listed in this section unless the prosecution for the offense is commenced within two (2) years next after the commission thereof.”
¶ 9. Hernandez asserts that while the crime of rape is excluded from the two-year general statute of limitations, the crime of statutory rape is not. Therefore, Hernandez contends that his prosecution was barred by the statute of limitations because more than two years had passed since the offense was committed before the indictment, which charged Hernandez with statutory rape that allegedly occurred in May 2007 and April 2008, was issued. Further, more than two years had passed since the date of the offense before an arrest warrant was issued in August 2010.
¶ 10. The State points to the circuit court’s reasoning as to why statutory rape is considered to be included in the offenses excepted from the general statute of limitations. The circuit court found that since *892 Mississippi Code Annotated section 97-3-68 (Rev.2006) specifically includes statutory rape as rape, then the crime of statutory rape falls within the definition of rape as used in Mississippi Code Annotated section 99-1-5.
¶ 11. This Court has addressed the issue of whether statutory rape is considered rape for the purposes of the general statute of limitations. Dawkins v. State, 919 So.2d 92, 98 n. 5 (Miss.Ct.App.2005). In Dawkins, the appellant argued, as Hernandez does, that his prosecution was barred by a two-year statute of limitations, as set forth in Mississippi Code Annotated section 99-1-5. Dawkins, 919 So.2d at 98 n. 5. In reviewing the relevant statute, this Court found that “[r]ape ... is expressly excluded!,] • • • [and][b]y necessity, statutory rape is included within this exception.” Id.
¶ 12. Although statutory rape is not expressly included in the statute, it is within the definition of rape for purposes of the exceptions to the general two-year statute of limitations. Because the statute of limitations had not run on the charges of statutory rape, the circuit court did not err by denying Hernandez’s motion to dismiss. Accordingly, we find this issue without merit.
II. Sufficiency of the Evidence and Weight of the Evidence
¶ 13. A motion for a JNOV challenges the sufficiency of the evidence. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citing Carr v. State, 208 So.2d 886, 889 (Miss.1968)). In order for the evidence to be found sufficient to sustain a conviction, the evidence must show “beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed!.]” Id. This Court will reverse a conviction only if the evidence “point[s] in favor of the defendant on any element- of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty.” Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 14. Hernandez was convicted under Mississippi Code Annotated section 97-3-65(l)(a) (Supp.2013), which provides:
The crime of statutory rape is committed when: Any person seventeen (17) years of age or older has sexual intercourse with a child who: (i) Is at least fourteen (14) but under sixteen (16) years of age; (ii) Is thirty-six (36) or more months younger than the person; and (iii) Is not the person’s spouse[.]
Hernandez argues that S.H. was inconsistent in her testimony about her age and the date on which the alleged sexual activity occurred. Further, he maintains that the testimony of S.H. was uncorroborated, and, therefore, insufficient to support his conviction. Hernandez contends that the only arguable corroboration of S.H.’s testimony was the photographic evidence introduced at trial. Hernandez asserts, however, that the photographs were not dated and, thus, were unreliable. Further, he alleges, based on the testimony of his wife, that the photographs were made after S.H. had reached sixteen years old, the legal age of consent.
¶ 15. S.H. testified that even though the sexual affair continued after she reached the legal age of consent, she was fourteen years old when she first had sexual intercourse with Hernandez. Captain Carl Rhodes, the investigating officer with the Harrison County Sheriffs Office, corroborated this testimony when he testified that S.H. informed him in August 2010 that she had been sexually assaulted by her broth *893 er-in-law when she was fourteen or fifteen years old.
¶ 16. Captain Rhodes also testified that S.H. provided him with compact discs containing sexually explicit photographs of her and the defendant. Captain Rhodes stated that there were “about 300 pictures” that spanned an extended two- to three-year period. He found, through an examination of the compact discs, that some of the sexually explicit photographs had been made prior to July 1, 2008, the date upon which S.H. would have reached sixteen years of age.
¶ 17. Viewing the evidence in the light most favorable to the State, we find the evidence was sufficient to prove that Hernandez had committed statutory rape. The testimony of S.H. and Captain Rhodes, along with the nearly 800 photographs depicting explicit sexual activity, provides evidence that Hernandez had engaged in sexual intercourse with S.H., who at the time was not his spouse and was at least fourteen years old but under sixteen years old and thirty-six months younger than him. Further, “[a]n individual may be found guilty of rape on the uncorroborated testimony of the prosecuting witness, where the testimony is not discredited or contradicted by other credible evidence.” Parramore v. State, 5 So.3d 1074, 1077-78 (¶ 12) (Miss.2009). We find there was sufficient evidence for any rational juror to find, beyond a reasonable doubt, that Hernandez was guilty of statutory rape.
¶ 18. In contrast to a motion for a JNOV, a motion for a new trial challenges the weight of the evidence. A jury’s verdict will not be disturbed unless “it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)).
¶ 19. Hernandez argues that the verdict was against the great weight of the evidence. He contends that, along with S.H.’s contradictory testimony, her allegation that the two had engaged in sexual intercourse while others were asleep in the same room is incredulous. As previously stated, S.H.’s testimony was corroborated by the testimony of Captain Rhodes. Further, physical evidence was presented in the form of photographs depicting intimate and sexual activity occurring between Hernandez and S.H. It is well settled that “the jury is the final arbiter of a witness’s credibility.” Collins v. State, 97 So.3d 1247, 1251 (¶ 14) (Miss.Ct.App.2012) (quoting Morgan v. State, 681 So.2d 82, 93 (Miss.1996)). Therefore, it was the jury’s role to determine whether or not S.H.’s allegations were true.
¶ 20. We cannot find that the verdict was against the overwhelming weight of the evidence. Accordingly, we find that the circuit court did not abuse its discretion in denying Hernandez’s motion for a JNOV or, in the alternative, a new trial. This issue is without merit.
¶ 21. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF STATUTORY RAPE AND SENTENCE OF TWENTY YEARS FOR EACH COUNT, WITH TWENTY YEARS SUSPENDED AND FIVE YEARS OF PROBATION, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A $5,000 FINE AND $300 TO THE CRIME VICTIMS’ COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*894 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. This Court declines to identify minor victims in child-sexual-abuse cases. To protect the child’s confidentiality, we will refer to her throughout this opinion as S.H.