967 So.2d 701 (2007)
Alejandro Aquirre MORENO a/k/a Arturo Euriquez Moreno, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01859-COA.
Court of Appeals of Mississippi.
October 30, 2007.
*702 Alejandro Aquirre Moreno, appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. Alejandro Aquirre Moreno was involved in a two-vehicle accident, on July 11, 2004, in Hattiesburg, Mississippi, which claimed the life of Benjamin Alexander Berry and injured two others. Moreno pleaded guilty and was convicted of DUI manslaughter and two counts of DUI mayhem. He was sentenced to serve twenty-five years on each count, all to run consecutively. However, fifteen years was suspended from the sentence for the DUI manslaughter conviction in lieu of post-release supervision, with a five-year supervision period. Twenty years were suspended from the conviction of DUI mayhem in lieu of post-release supervision, with a five years supervision period ordered. Following his conviction and sentence, Moreno filed for post-conviction relief, asserting several grounds, including a violation of double jeopardy and ineffective assistance of counsel. His motion was dismissed without an evidentiary hearing, and he now appeals.[1] Finding no error, we affirm the circuit court's denial of Moreno's motion for post-conviction relief.

DISCUSSION
I. WHETHER MORENO'S CONVICTIONS UNDER MISSISSIPPI CODE ANNOTATED SECTION 63-11-30 OF DUI MANSLAUGHTER AND DUI MAYHEM CONSTITUTE DOUBLE JEOPARDY
¶ 2. Moreno argues that the indictments under Mississippi Code Annotated section 63-11-30(5) (Rev.2004) for DUI manslaughter and two counts of DUI mayhem subject him to double jeopardy because his driving while intoxicated only constituted one offense. The State asserts that, while each of the offenses arose from the same incident, namely driving while intoxicated, each charged offense is separate *703 because Moreno caused the death of one and injured two others.
¶ 3. "[D]ouble jeopardy applies to prevent three errors it protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction and (3) multiple punishments for the same offense." Brawner v. State, 947 So.2d 254, 266(¶ 33) (Miss.2006) (citing Schiro v. Farley, 510 U.S. 222, 229, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994)). The legislature, in 2004, amended and made clear that one may be charged under Mississippi Code Annotated section 63-11-30 for multiple felonies arising from the same act of driving under the influence. See Miss.Code Ann. section 63-11-30(5) (effective May 4, 2004) (stating "[e]very person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ or member of another shall, upon conviction, be guilty of a separate felony for each such death, mutilation, disfigurement or other injury. . . ." (emphasis added)). Each of the indictment's counts were predicated upon separate felonies, one instance of manslaughter and two instances of mutilation or mayhem, in which Moreno committed as a result of his drunk driving. Therefore, no violations of double jeopardy have occurred here. Moreno's argument has no merit and we deny relief, accordingly.
II. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 4. Moreno claims that he received ineffective assistance of counsel, asserting that his lawyer made several errors during his representation. He argues that his attorney failed to assist him in receiving a speedy trial, failed to investigate and failed to advise him regarding the maximum and minimum sentences. Claims of ineffective assistance of counsel are reviewed by using the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a claim of ineffective assistance of counsel, Moreno has the burden of proof to show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) that the deficiency did, in fact, prejudice the defendant. Id.; Hall v. State, 735 So.2d 1124, 1127(¶ 6) (Miss.Ct.App.1999). "A defendant who pleads guilty to a crime is `prejudiced' by his counsel's erroneous advice if he would have insisted on going to trial if he had been correctly informed." Reeder v. State, 783 So.2d 711, 718(¶ 28) (Miss.2001) (quoting Alexander v. State, 605 So.2d 1170, 1173 (Miss.1992)). In determining whether the first prong of Strickland concerning counsel's performance has been satisfied, we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. The second prong of the Strickland test requires that Moreno prove prejudice by showing that there was a reasonable probability, that but for counsel's errors, the trial court's result would have been different. Id. at 699, 104 S.Ct. 2052. Whether the prongs of this test are met is determined by an examination of the totality of the circumstances. Id.
¶ 5. When Moreno pleaded guilty at the plea hearing, with the help of an interpreter, he represented to the court that he was satisfied with his attorney's representation. In pleading guilty, Moreno waived any possible defense of any purported speedy trial violation. Epps v. State, 926 So.2d 242, 245(¶ 8) (Miss.Ct.App.2005). *704 Furthermore, Moreno fails to present any facts supportive of a speedy trial violation, and we decline to address the issue. Further, our review of the plea hearing transcript reveals that Moreno was advised, on the record, of the minimum and maximum time he potentially could be sentenced. Thus, this argument has no merit. Moreno's assertion that he received ineffective assistance of counsel fails.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] Moreno asserts several grounds on appeal in support of his argument, some of which were not pleaded in his motion for post-conviction relief. Because issues not raised in the court below are waived, we decline to address his arguments concerning plea involuntariness, a Miranda violation, a speedy trial right violation, and an assertion that his attorney was not present at the time of sentencing, as they relate to his claim of ineffective assistance of counsel. Thorson v. State, No. 2004-DR-02248, ___ So.2d ___, ___, 2007 WL 2446474 (¶ 10) (Miss.2007).