KING, C.J.,
for the Court:
¶ 1. Arturo Moreno was indicted by Lamar County Circuit Court for one count of DUI manslaughter and two counts of DUI mayhem. Moreno pled guilty to all charges. Subsequently, Moreno filed two motions for post-conviction relief; both were denied. After Moreno’s trial counsel was reprimanded by the Mississippi Commission on Judicial Performance, Moreno petitioned the Mississippi Supreme Court for leave to proceed in the trial court on a claim of ineffective assistance of counsel. The supreme court granted the motion and ordered an evidentiary hearing. At the conclusion of the evidentiary hearing, the trial court ruled that Moreno had received effective assistance of counsel and denied his third motion for post-conviction relief. Moreno appealed that denial of relief raising three issues: (1) whether the trial court lacked jurisdiction over Moreno’s case, (2) whether Moreno’s sentence was in violation of the double-jeopardy clause, and (3) whether the trial court erred in finding that Moreno had received effective assistance of counsel.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On July 11, 2004, Moreno was driving while under the influence of alcohol and collided with a vehicle in the intersection of Westover Drive and Hardy Street in Hattiesburg, Mississippi. Moreno was apprehended by officers with the Hatties-burg Police Department. Moreno was taken to the Forrest County Regional Jail and given a Breathalyser. The passengers of the other vehicle involved in the collision, Benjamin Berry, Kattilla Hakimza-keh, and Brandon Marshall, were taken to Forrest General Hospital to be treated for injuries resulting from the accident. As a result of the accident, Berry and Hakimza-keh suffered serious injuries, and Berry later died.
¶ 4. On July 12, 2004, Moreno appeared before Judge Edwin Pittman Jr. in the Hattiesburg Municipal Court and pled guilty to traffic citations for driving under the influence, driving without a license, driving without proof of insurance, and leaving the scene of an accident. After Moreno’s municipal court appearance, Moreno was transported to the Lamar County Jail. On July 16, 2004, Judge Pittman issued an arrest warrant in Forrest County for Moreno on the charge of DUI manslaughter.
¶ 5. On March 3, 2005, Moreno was indicted in Lamar County for one count of DUI manslaughter and two counts of DUI mayhem. On August 5, 2005, Moreno entered a guilty plea to all counts and was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections. Moreno was represented by *514 Edwin Pittman Jr. during the plea hearing and sentencing.
¶ 6. On September 20, 2006, Moreno filed a motion for post-conviction relief alleging ineffective assistance of counsel and double jeopardy. The trial court addressed and dismissed the issues, and this Court affirmed the decision. Moreno v. State, 967 So.2d 701 (Miss.Ct.App.2007).
¶ 7. On August 1, 2008, Moreno filed a second petition for post-conviction relief alleging lack of subject-matter jurisdiction and double jeopardy. The trial court addressed and denied the motion. Moreno never appealed the denial of the second motion for post-conviction relief.
¶ 8. On October 2, 2008, the Mississippi Supi-eme Court adopted the Mississippi Commission on Judicial Performance’s recommendation that Pittman be reprimanded for representing Moreno after having signed an arrest warrant and order setting bond in the same matter in his capacity as municipal court judge. Miss. Comm. On Judicial Performance v. Pittman, 993 So.2d 816 (Miss.2008).
¶ 9. On March 16, 2009, Moreno requested that the Mississippi Supreme Court grant his motion for leave to proceed in the trial court. The supreme court granted the motion and ordered an evidentiary hearing to determine whether Moreno had received effective assistance.
¶ 10. The evidentiary hearing was held on September 4, 2009. The trial court found that Moreno had entered his plea against the advice of counsel, and Moreno had failed to produce evidence to support that his counsel was deficient or that any such deficiency resulted in prejudice to him. Therefore, Moreno’s third motion impost-conviction relief was denied by the trial court. Moreno appeals.
ANALYSIS
¶ 11. “In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. However, when reviewing issues of law, this Court’s proper standard of review is de novo.” Heafner v. State, 947 So.2d 354, 356 (¶ 2) (Miss.Ct.App.2007) (internal citations omitted).
I. Jurisdiction
¶ 12. Moreno argues that the indictments were issued in violation of Mississippi Code Annotated section 99 — 11— 3 (Rev.2007), which states local jurisdiction of all offenses is in the county where they were committed. Moreno argues that Lamar County is an improper venue because the automobile accident, and a passenger’s subsequent death, occurred in Forrest County. The State’s sole argument is that Moreno’s claim of improper venue is not properly befox-e this Court; therefore, the merits should not be addressed. The State is mistaken in its argument. In a criminal case, venue is jurisdictional, must be proven, and may be x-aised for the first time on appeal. McBride v. State, 934 So.2d 1033, 1035 (¶ 10) (Miss.Ct.App.2006) (citing Hensley v. State, 912 So.2d 1083, 1086 (¶ 12) (Miss.Ct.App.2005)). Accordingly, we find it proper to address the merits.
¶ 13. This Court has recently held that a petitioner’s claim of improper venue will fail unless supported by sufficient evidence within the l-ecord. See Williams v. State, 31 So.3d 69, 80 (¶34) (Miss.Ct.App.2010). Moreno points to the traffic citations issued as a result of the accident as proof that Lamar County is an improper venue. The ti-affic citations Moreno refei-ences in support of his argument were issued by *515 the Hattiesburg Police Department. The City of Hattiesburg lies within both Forrest and Lamar Counties. On the citations issued to Moreno, both counties are listed, but “Forrest” is circled to identify the county in which the specific violations occurred.
¶ 14. Moreno also argues that he was taken into custody and held at the Forrest County Regional Jail until Lamar County prosecuted him. However, Moreno was never indicted in Forrest County and was transported to the Lamar County Jail on the day after the accident. Moreno was indicted by a grand jury in Lamar County on two counts of DUI mayhem and one count of DUI manslaughter.
¶ 15. Moreno simply makes a blanket assertion that the trial court failed to make a determination that it had proper jurisdiction and venue in this matter. Moreno fails to point to any evidence in the record that might support the claim that the intersection in which the accident occurred lies within Forrest County, Mississippi. Accordingly, this issue is without merit.
II. Double Jeopardy
¶ 16. Moreno argues that the indictments under Mississippi Code Annotated section 63-11-30 (Supp.2010) for DUI manslaughter and two counts of DUI mayhem subject him to double jeopardy because his driving while intoxicated only constituted one offense. Moreno raised this argument in his first motion for post-conviction relief; the trial court addressed and disposed of the issue; and this Court affirmed the decision, stating:
“[Djouble jeopardy applies to prevent three errors it protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction[;] and (3) multiple punishments for the same offense.” Brawner v. State, 947 So.2d 254, 266 (¶ 33) (Miss.2006) (citing Schiro v. Farley, 510 U.S. 222, 229, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994)). The [Legislature, in 2004, amended and made clear that one may be charged under Mississippi Code Annotated section 63-11-30 for multiple felonies arising from the same act of driving under the influence. See Miss.Code Ann. section 63-11-30(5) (effective May 4, 2004) (stating “[ejvery person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ or member of another shall, upon conviction, be guilty of a separate felony for each such death, mutilation, disfigurement or other injury.” ([Ejmphasis added)). Each of the indictment’s counts were predicated upon separate felonies, one instance of manslaughter and two instances of mutilation or mayhem, in which Moreno committed as a result of his drunk driving. Therefore, no violations of double jeopardy have occurred here. Moreno’s argument has no merit[,] and we deny relief, accordingly.
Moreno, 967 So.2d at 703 (¶ 3).
¶ 17. All issues, both factual and legal, that have been previously decided at trial and/or on direct appeal are barred from review as res judicata. Miss.Code Ann. § 99-39-21(3) (Rev.2007). Accordingly, this Court finds that Moreno’s claim to relief under the double-jeopardy clause is barred from review as res judicata. This issue is without merit.
III. Ineffective Assistance of Counsel
¶ 18. Moreno argues that he had received ineffective assistance of counsel because Pittman failed to communicate the *516 difference between consecutive and concurrent sentences, failed to appear in court, failed to present certain evidence regarding Moreno’s theory of defense in court, and failed to explain the consequences of a guilty plea. Moreno further claims that Pittman told him that if he was found guilty, Moreno would be deported to Mexico. Moreno wished to return to Mexico, and he claims he entered a guilty plea under the assumption he would be deported.
¶ 19. In order to prevail on a claim of ineffective assistance of counsel, Moreno must show that his defense counsel rendered deficient performance which resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner who has entered a guilty plea and claims ineffective assistance of counsel must show that trial counsel committed “unprofessional errors of substantial gravity,” without which he would not have pled guilty. Cole v. State, 918 So.2d 890, 894 (¶ 10) (Miss.Ct.App.2006).
¶ 20. After conducting the evidentiary hearing, the trial court held that Moreno failed to present any evidence to overcome the rebuttable presumption that the performance of his counsel fell within the spectrum of competent assistance. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
¶ 21. During the plea hearing, Moreno, through his translator, stated under oath that he had confidence in his attorney, and his attorney had explained the details of the charges against him and the consequences associated with entering a guilty plea. Great weight is given to statements made under oath and in open court during sentencing. Mowdy v. State, 638 So.2d 738, 743 (Miss.1994). The record is not clear as to when Pittman allegedly failed to appear in court, because Moreno testified in his evidentiary hearing that his counsel was present at both the plea hearing and sentencing hearing. Karen Austin, Moreno’s court-appointed translator during the plea hearing and sentencing hearing, testified during the evi-dentiary hearing that Moreno had entered a guilty plea against the advice of counsel. Austin stated that Moreno was encouraged by his counsel to go to trial. Because Moreno failed to demonstrate any deficiency on the part of Pittman, which resulted in prejudice, this issue is without merit.
¶ 22. THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.