LAMAR, Justice,
for the Court:
¶ 1. On March 16, 2009, Arturo Aquirre Moreno filed with this Court a motion to proceed in the trial court with his third petition for post-conviction relief. This Court granted Moreno leave to proceed solely on the issue of ineffective assistance of counsel, and the trial court held a hearing only on that issue. However, we conclude that this Court improperly exercised authority to consider Moreno’s motion and thus should not have remanded for an evidentiary hearing. Jackson v. State, 67 So.3d 725, 730-31 (Miss.2011). The trial court was the proper forum to consider the petition, since Moreno had pleaded guilty to DUI manslaughter and mayhem and could not directly appeal those convictions. Id. Notwithstanding this Court’s error, we affirm the trial court’s denial of relief on the ineffective-assistance claim. To reverse based on the procedural error would be futile, as the result is the same: the trial court was the first (and therefore proper court) to pass on the merits of that claim.
¶ 2. Further complicating matters, Moreno appealed from the trial court’s denial of relief but also asserted claims of double jeopardy and venue, neither of which Moreno argued before the trial court. However, the Court of Appeals addressed all of Moreno’s claims and denied relief. Moreno v. State, 79 So.3d 511, 514-16 (Miss.Ct.App.2011). Moreno then petitioned for certiorari, raising yet another claim not argued before the trial court or the Court of Appeals. We find the Court of Appeals erroneously considered Moreno’s double-jeopardy and venue claims, which were raised for the first time on appeal. We further decline to address Moreno’s additional claim raised for the first time in his petition for writ of certiorari.
Facts and Procedural History
¶ 3. On July 11, 2004, Moreno was driving under the influence of alcohol when he was involved in a two-vehicle accident in Hattiesburg, Mississippi. As a result of the accident, he was indicted for one count of DUI manslaughter and two counts of DUI mayhem on March 3, 2005. On August 5, 2005, he pleaded guilty to all three counts. He was sentenced to twenty-five years for DUI manslaughter, with fifteen years suspended, and twenty-five years on each count of DUI mayhem, with twenty years suspended on each count, all to run consecutively.[1]
¶ 4. On September 20, 2006, Moreno filed his first petition for post-conviction relief with the trial court. Moreno raised several issues in his petition, including double jeopardy and ineffective assistance of counsel. Moreno v. State, 967 So.2d *510 701, 702 (Miss.Ct.App.2007). Specifically, he argued that driving while intoxicated constituted one offense, and thus the indictments for DUI manslaughter and the two counts of DUI mayhem violated the double-jeopardy clause. Id. at 702-703. He also claimed ineffective assistance of counsel, arguing his attorney failed to assist him in receiving a speedy trial and failed to advise him of the minimum and maximum sentences. Id. at 703-704. The Court of Appeals affirmed the trial court’s dismissal of Moreno’s first petition for post-conviction relief. Id. at 704.
¶ 5. On August 1, 2008, Moreno filed a second petition for post-conviction relief with the trial court, and in this petition he argued improper venue and a new claim of double jeopardy. Regarding double jeopardy, he argued that the subsequent conviction and sentences of DUI manslaughter and DUI mayhem violated the double-jeopardy clause, since he previously had pleaded guilty to DUI first offense for the same incident. The trial court summarily dismissed Moreno’s petition on August 7, 2008. Moreno did not appeal the trial court’s dismissal of this second petition.
¶ 6. On March 16, 2009, Moreno filed with this Court a motion for permission to proceed in the trial court on a claim of ineffective assistance of counsel after we handed down an opinion disciplining his trial attorney. See Mississippi Commission on Judicial Performance v. Pittman, 993 So.2d 816 (Miss.2008). This Court granted the motion and ordered the trial court to conduct an evidentiary hearing on Moreno’s claim. The trial court conducted the hearing solely on the claim of ineffective assistance of counsel and denied relief.
¶ 7. Moreno appealed the trial court’s denial of his ineffective-assistance claim but also reasserted the venue and double-jeopardy claims that he had failed to appeal after the trial court denied his second petition for post-conviction relief in 2008. The Court of Appeals denied relief on the venue issue, after ruling it had authority to review such claims of “jurisdiction.” Moreno, 79 So.3d at 514-15. It also addressed the double-jeopardy claim. Id. at 515. The Court of Appeals held that Moreno previously had asserted that claim before the trial court in his first petition for post-conviction relief and that its denial had been affirmed on appeal; thus the claim was barred from further review. Id. It also rejected Moreno’s claims that his attorney was ineffective for allegedly: “fail[ing] to communicate the difference between consecutive and concurrent sentences, failing] to appear in court, failing] to present certain evidence regarding Moreno’s theory of defense in court, and failing] to explain the consequences of a guilty plea.” Id. at 515-16.
¶ 8. Following the Court of Appeals’ March 1, 2011, decision, Moreno petitioned this Court for certiorari. In his petition for certiorari and supplemental brief, Moreno’s argument focuses entirely on double jeopardy. Moreno asserts that he pleaded guilty to DUI first offense before he pleaded guilty to DUI manslaughter and mayhem. And for the first time, he now argues his counsel was ineffective for failing to recognize and argue a double-jeopardy violation. While Moreno makes no argument about venue in his certiorari petition, we address that issue as the “record and briefs previously filed in the Court of Appeals” are subject to review. Miss. R.App. P. 17(h). We find the Court of Appeals’ analysis and holding of the ineffective-assistance claim should be affirmed and warrants no further discussion.
Discussion
¶ 9. Moreno argues that he pleaded guilty to DUI first offense and various traffic offenses on July 12, 2004, well before being indicted and pleading guilty to *511 DUI manslaughter and mayhem. The Court of Appeals erred by saying that Moreno had set forth that argument in his first petition. While Moreno argued a double-jeopardy violation in his first petition, its basis was completely different. See supra ¶ 2.
¶ 10. The Court of Appeals also incorrectly included in its statement of facts that “[o]n July 12, 2004, Moreno appeared before Judge Edwin Pittman, Jr. in the Hattiesburg Municipal Court and pled guilty to traffic citations for driving under the influence, driving without a license, driving without proof of insurance, and leaving the scene of an accident.” Id. at 513. As urged by the State, there is no proof in the record that Moreno pleaded guilty to those charges, and that issue was not argued before the trial court in Moreno’s third petition.[2] Therefore, Moreno improperly raised that issue in this current appeal, and the Court of Appeals improperly considered and denied it.
¶ 11. The Court of Appeals also improperly considered and denied Moreno’s claim of improper venue. The Court of Appeals held that it could address venue, reasoning it is “jurisdictional” and can be raised for the first time on appeal. Id. at 514-15. While it is true that venue in criminal cases may be raised for the first time on direct appeal,[3] we could find no caselaw where it was raised and considered for the first time on appeal from a trial court’s denial of post-conviction relief. Therefore, we find the Court of Appeals erred in considering Moreno’s arguments of double jeopardy and improper venue.
Conclusion
¶ 12. We affirm the trial court’s denial of post-conviction relief on Moreno’s ineffective-assistance-of-counsel claim. We vacate the Court of Appeals’ judgment relating to Moreno’s claim of double jeopardy and improper venue, as those issues were not first argued before the trial court.
¶ 13. THE JUDGMENT OF THE COURT OF APPEALS IS VACATED IN PART; AFFIRMED IN PART. THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT IS AFFIRMED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J„ NOT PARTICIPATING.

. The Court of Appeals erroneously stated that Moreno was sentenced to serve twenty-five years. Moreno v. State, 79 So.3d 511, 513-14 (Miss.Ct.App.2011). He was sentenced to serve a total of twenty years.

. The State readily admits if proof does exist, then "it would have little choice but to acknowledge that double jeopardy violation occurred when Moreno subsequently pleaded guilty to DUI manslaughter and DUI mayhem based on the very same DUI he allegedly had already pleaded guilty to.”

. Gillett v. State, 56 So.3d 469, 502 (Miss.2010).