RANDOLPH, Presiding Justice,
concurring in part and dissenting in part:
¶24. Pursuant to the stipulation presented at trial, which is attached as an appendix to this opinion, the parties stipulated that the only issue to be “preserved for appeal” was the 'issue of the statute of limitations, save for counts three and four-“all arguments' and testimony regarding the statute of limitations are preserved for appeal.” Today’s majority goes outside of the stipulated facts and issues preserved for appeal by overturning ten of Sam Nuc-kolls’s thirteen convictions based on its sua sponte raising and then deciding an issue which was neither raised nor briefed. Accordingly, I would affirm the entire judgment of the trial court.
¶ 25. Nuckolls was indicted on thirteen counts of “wilfully, unlawfully and felo-niously, with lewd, licentious or indecent intent, secretly photograph[ing], filming], videotaping], recording], or otherwise reproducing] the image of another....” The amended indictment charged that each *1053 count, including the “otherwise reproducing” took place at one of Nuckolls’s two homes in DeSoto County;
¶ 26. Nuckolls elected to waive the constitutional right upon which the majority premises its opinion. See Maj. Op. ¶ 8 and Miss. Const. ■ art 8, § 26. Then Nuckolls and the State entered into a binding and conclusive stipulation of facts, with Nuc-kolls making no claim of improper waiver. The stipulation is not “entirely silent as to where the transfers occurred.” (Maj.Op. ¶7). The stipulation tracked the exact language of the amended indictment, which included the alleged venue, summarizing the evidence that the State would offer at trial. The parties agreed that the evidence the State would offer- was sufficient to convict Nuckolls, Nuckolls argued that the crimes took place outside of the statute of limitations.
[An] Agreed Statement of Facts on which the parties submit [a] case for trial is binding and conclusive on them, and the facts stated are not subject to subsequent variation. So, the parties will not be permitted to deny the truth of the facts stated, or the truth, competency or sufficiency of any admission contained in the Agreed Statement or to maintain a contention contrary to the Agreed Statement or be heard to claim that there are other facts that the Court may presume to exist, or to suggest, on appeal, that the facts were other than stipulated, or that any material fact was omitted. : ,
In re Collins, 624 So.2d 553, 561 (Miss.1987) (citing 83 C.J.S. Stipulations - § 25 (1964)).
•¶'27. Estoppel, properly applied, should preclude Nuckolls’s offering a contention contrary to the stipulation or suggesting on appeal that facts other than those stipulated were omitted. Additionally, Nuckolls never contested venue before, the trial court. See Walker v. State, 913 So.2d 198, 217 (Miss.2005) (“Failure to raise an issue at trial bars consideration oh an appellate level.”). Nor does he offer that argument here today.[14] Nuckolls neither raised, addressed, nor briefed the issue of whether the State failed to establish venue.[15] In his fourteen-page brief, Nuckolls made a statement that “the State presented no evidence to the Court showing where the transfer took place.;., ” Moreover, Nuc-kolls did not provide any authority that the State failed to provide evidence of venue other than what was charged in his amended indictment and agreed upon in the binding and conclusive stipulation of facts..
¶ 28. Today’s holding overturns ten of Nuckolls’s convictions for 'reasons never contested before the trial court. Our role is not to act as an advocate for the- defendant or the State. Creating an issue never presented is an act of advocacy and is cautiously applied only in cases in -which we have a firm conviction that a manifest miscarriage of justice has occurred. Von- *1054 ue was never the issue for which Nuckolls sought relief. I respectfully oppose such action and would decline to extend relief as to that issue, it not having been raised, briefed, or addressed. I would affirm the judgment of .the trial court .as to all counts.
PIERCE, J., JOINS THIS OPINION.
STIPULATED FACTS
FACTS COMMON TO ALL COUNTS
-The State would offer the testimony.of Charlie Byrd, Bobby Ray Trump and/or Wyles Andrew of the Gosnell Police Department. . Their testimony would establish they received a criminal complaint on October 25, 2011. Gosnell police investigated the complaint. Defendant, Sammy Nuckolls, was given his Miranda wanting, waived rights* and proceeded to speak with investigators. Defendant admitted he recorded video images of two women in Mississippi using a video camera that appeared to be a pen. • This information was passed on to Olive Branch Police for further investigation.
An Apple MacBook laptop was in the Defendant’s possession and was seized as evidence by Gosnell Police Department. The Defendant admitted to Gosnell authorities that the videos he took in Olive Branch were located on that computer. That MacBook was given to Olive-Branch PD by Gosnell police. A search warrant was obtained and the videos identified in this indictment were found on that computer. A full forensic examination of the silver MacBook was conducted with the assistance of the FBI.
On October 26, 2011 Detective Jeff Abbott of the Olive Branch Police Department followed up on the complaint. They made contact with Kimberly Nuckolls. She signed a consent to search form of the home she occupied with Sammy.Nuckolls located at 7643 Meadow Ridge Lane, Olive Branch, Mississippi, located in DeSoto County. Photographs were taken of the bathroom on Meadow Ridge Lane Several items of evidence were seized.
Testimony and evidence would show that the Deed for the 7693 Meadow Ridge Lane, Olive Branch home was recorded with the clerk on October 6, 2009. This would show that Sammy Nuckolls and Kimberly Nuckolls did not own the house prior to that date. Prior to that date they resided at 9848 Pigeon Roost Circle, Olive Branch, MS. The events in all of the recordings contained in this indictment occurred at either of these 2 addresses.
Detective Abbott and a witness from Apple, Inc. would testify that a silver Apple . MacBook Pro (Serial number W8047932ATMA1344) was purchased on January 5th, 2011 at the Apple Store in Germantown, TN (7615 West Karmington Boulevard Germantown, TN), The receipt/ purchase number is R0206264496. Apple’s records indicated that this MacBook Pro was purchased by the Defendant, Sammy Nuckolls, It can he reasonably inferred that the videos in question on the Apple Computer were hot there prior to January 5, 2011.
[[Image here]]
Facts regarding COUNT 1
In Count 1 the State would show that SAMUEL NUCKOLLS, between the dates of June 1,2007 and October 29, 2011, did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise; reproduce the image of another, to wit; Ashley Fisher, without the *1055 permission of Ashley Fisher when Ashley Fisher was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer four videos. The first video, labeled “af” shows Sammy Nuckolls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Ashley Fisher enter the bathroom, undress, and take a shower. She finishes and leaves the bathroom. Ashley Fisher would testify that she did not give permission or consent to be recorded.
The second video, labeled afh shows Sammy Nuckolls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Ashley Fisher enter the bathroom, undress, and take a shower. She finishes and leaves the bathroom. Ashley Fisher would testify that she did not give permission or consent to be recorded. This video appears to be older than the video labeled “af ’ due to a piece of furniture not being present in “afh”.
The third video, labeled “afp” shows Sammy Nuckolls setting up video equipment to the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Ashley Fisher enter the bathroom, undress, and take a shower. She finishes and leaves the bathroom. Ashley Fisher would testify that she was pregnant in this video. - Ashley Fisher would testify that she did not give permission or consent to be recorded. The piece of furniture seen in “af ’ is present.
The fourth video, labeled “afrp” shows Sammy Nuckolls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Ashley fisher enter the bathroom, undress, and lake a shower. She finishes and leaves the bathroom. Ashley Fisher would testify that she did not give permission or consent to be recorded. Ashley Fisher would that she was pregnant when this was recorded. She would further testify that this video took place some time after “afp”.
Testimony would establish that these videos were found on the Defendant’s [Apple MacBook Pro (Serial number W8047932ATMA1344). The videos were all located in the subfolder orange.
Facts Regarding COUNT 2
The State would show that SAMUEL NUCKOLLS between the dátes of June 1, 2007 and October 29, 2011 did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Joy Ligón Shults without the permission of Joy Ligón Shults when Joy Ligón Shults was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit; in the bathroom.
The fourth video, labeled “if’ shows Sammy Nuckolls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch. Mississippi. That video shows Joy Ligón Shults enter the bathroom, undress, and take a shower. She finishes and leaves the bathroom. Joy Ligón Shults would testify that she did not give permission or consent to be recorded. She would further testify that the video took place some time in June of 2008,
Testimony would establish that these videos were found on the Defendant’s Apple MacBook Pro (Serial number W8047932ATMA1344). The video was located in the subfolder orange.
Facts Regarding COUNT 3
In count 3 the State-would show that SAMUEL NUCKOLLS on or about the *1056 19TH day of October, 2011, did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Kelley Epps without the permission of Kelley .Epps when Kelley Epps was located : n a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, tp-wit: in the bathroom.
The State would offer a video that shows Sammy Nuckolls setting up video equipment in the bathroom located at 7698 Meadow Ridge Lane, Olive Branch, Mississippi. That' video shows Kelley Epps enter the bathroom, undress, and take a shower. She finishes and leaves the bathroom. ’ Kelley Epps would testify that she did not give permission or consent to be recorded. She would testify that these events occurred on October 19, 2011 while she was babysitting. The State would show that the Defendant admitted to making this video to Gosnell authorities.
The State would offer an additional video of Kelley Epps taken in the same fashion in the home located at 9848 Pigeon Roost Circle. The video was recorded in the same fashion as above.
Testimony would establish that these videos were found on the Defendant’s Apple MaeBook Pro (Serial number W8047932ATMA1344). The first video is located in the subfolder Magic. The second video was located in the subfolder orange and is titled ke.
Facts regarding COUNT 4
In Count 4 the State would offer testimony that would show SAMMY NUC-KOLLS, on or about the 14th day of October 2011 did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Christen Klienderer without the permission of Christen Klienderer when Christen Klienderer was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wifc: tit the bathroom.
The State would offer a video that shows Sammy Nuckolls setting up video equipment in the bathroom located at 7693 Meadow Ridge Lane, Olive Branch, MS. That video shows Christen Klienderer enter the bathroom, undress, and take a shower. She finishes and leaves the bathroom. The video ends with the Defendant coming back into frame and the screen going black, Christen Klienderer would testify that this occurred on October 14, 2011. She would farther testify that she did not give permission or consent to be recorded. The State would offer that the Defendant contested to Gosnell authorities that he made this video. -
Testimony would establish that this video was found on the Defendant’s Apple MaeBook Pro (Serial' number W8047932ATMA1844) in the sub folder Magic.
Facts regarding COUNT 6
In Count 5 the State would show that SAMUEL NUCKOLLS, between the dates of June 1, 2007 and October 29, 2011 did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Emily Medford without the permission of Emily Medford when Emily Medford was located in a place where a person would intend to be in a . state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer a video labeled “em” shows Sammy Nuckolls selling up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, *1057 Mississippi. That video shows- Emily Medford enter the bathroom, undress, and take-a shower. She finishes and leaves the bathroom. Emily Medford would testily that she did not give permission or consent to ho recorded.
■Testimony would establish that these videos were found on the Defendant’s Apple MacBook Pro (Serial number W8047932ATMA1344). The video was located in the subfolder orange.
Facts regarding’ COUNT 6
In Count 6 the State would show that' SAMUEL NUCKOLLS between the dates June 1, 2007 and October 29, 2011, did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduces the image of another, to wit: Jenna Tharp without the permission of Jenna Tharp when Jenna Tharp was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer it video -labeled “video_ts” shows Sammy Nuckolls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Jenna Tharp enter the bathroom, undress, and lake a shower. She finishes and leaves the bathroom. Jenna Tharp would testify that she did not give permission or consent to be recorded,
Testimony would establish that ■ these videos went found on-the Defendant’s Apple MacBook -Pro.. (Serial, number W8047932ATMA1344). The video was located in the subfolder Orange.
Facts regarding COUNT 7
In Count 7 the Slate would show that’ SAMUEL NUCKOLLS between the dates of June 1, 2007 and October 29, 2011, did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape record, or otherwise reproduce the image of another, to wit: Amy Butler without the permission of Amy Butler when Amy Butler was located in a place where a person would intend to be in a suite of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State , would , offer a video labeled “no” shows Sammy Nuckolls selling up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Amy Butler enter the bathroom, undress, and take a shower. She finishes and. leaves the bathroom. . Amy Butler would testily that she did not give permission or consent to be recorded.'
Testimony would establish that these videos were found on the Defendant’s Apple MacBook Pro (Serial number W8047932ATMA1844). The video was located in the subfolder orange.
Facts regarding COUNT 8
In 'Count 8 the State would show that SAMUEL NUCKOLLS between the dates of June 1, 2007 and October 29, 2011 did wilfully, unlawfully and feloniously, with lewd, licentious or indecent, intent secretly photograph, film,-videotape, record, or otherwise reproduce the image of another to wit: Rachael Gibbons without the permission of Rachael Gibbous when Rachael Gibbons, was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer a video labeled “rg” shows the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. The video' Starts with Sammy Nuc-kolls setting the camera. That video shows Rachael Gibbons enter the bathroom, undress, and take a shower. She *1058 finishes and leaves the bathroom. Rachael Gibbons would testify that she did not give permission or consent to be recorded.
Testimony would establish that these videos were found on the Defendant’s Apple MacBook Pro (Serial number W8047932ATMA1544). The video was located in the subfolder orange.
Facts regarding COUNT 9
In Count 9 the State would show that SAMUEL NUCKOLLS between the dates of December 1, 2007 and October 29, 2011, did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Brittany Cooper Prather without the permission of Brittany Cooper Prather when Brittany Cooper Prather was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer a video labeled “jb” shows Sammy Nuckolls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Brittany Cooper Prather enter the bathroom, undress, and lake a shower. She finishes and leaves the bathroom. Brittany Cooper Prather would testify that she did not give permission or consent to be recorded, She would testify that she believes the video to have been recorded sometime between December 2007 and January of 2008.
Testimony would establish that these videos were found on the Defendant’s Apple MacBook Pro (Serial number W8047932ATMA1344). The video was located in the subfolder orange.
Facts regarding COUNT 10
In Count 10 the State would show that SAMUEL NUCKOLLS between the dates of December 1, 2007 and October 29, 2011 did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Jennifer Cooper without the permission of Jennifer Cooper when Jennifer Cooper was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer a video labeled “jb”. It is a continuation of the video in Count 9. That video shows Jennifer Cooper enter the bathroom, undress, and take a shower. She finishes and leaves the bathroom.. Jennifer Cooper would testify that she did not give permission or consent to be recorded. She would testify that these events occurred sometime between December of 2007 and January of 2008. She would testify she was 17 years of age at the, time.
Testimony would establish that these videos were found on the Defendant’s Apple MacBook Pro (Serial number W8047932ATMA1344). The video way located in the subfolder orange.
Facts regarding COUNT 11
In Count 11 the State offers that SAM-UELL NUCKOLLS between the dates of June 1, 2007 and October 29, 2011 did wilfully, unlawfully and feloniously, with lewd, licentious of indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Melissa Arrowood without the permission of Melissa Arrowood when Melissa Arrowood was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer a video labeled “1013.avi” shows Melissa Arrowood enter the bathroom, undress, and take a shower *1059 in the bathroom located in the Meadow Ridge Lane, Olive Branch address. She finishes and leaves the bathroom. The video ends with Sammy Nuckolls entering with a silver laptop consistent with the Apple MacBook Pro Melissa Arrowood would testify that she did not give permission or consent to be recorded.
Testimony would establish that these videos were found on the black and gold video pen with USB that was obtained from the upstairs office of the Nuckolls residence bn Meadow Ridge Lane, Olive Branch.
Facts regarding COUNT 12
In Count 12 the State offers that SAMUEL NUCKOLLS, between the' dates of June 1, 2007 and October 29, 3011 did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film; videotape, record, or otherwise reproduce the image of another, to wit: Catherine Barber Hunt without the permission of Catherine Barber Hunt when Catherine Barber Hunt was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer a video labeled “kb” shows Sammy Nuckolls setting up video equipment in the bathroom located at 97848 Pigeon Roost Circle., Olive Branch, Mississippi. That video shows Catherine Barber Hunt enter the, bathroom, undress, and take a shower. She finishes and leaves the bathroom. Catherine Barber Hunt would testify that she did not give permission or consent to be recorded.
Testimony would establish that these videos were found on the Defendant’s Apple MacBook ■ Pro (Serial number W8047932ATMA1344). The video was located in the subfolder orange.
Facts regarding COUNT 13
The State would offer chat SAMUEL NUCKOLLS between the dates of June I, 2007 and October 29, 2011 did wilfully, unlawfully and feloniously, with lewd, licentious or indecent intent, secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Mallory Nash Hurst without the permission of Mallory Nash' Hurst when Mallory Nash Hurst was located, in a place where a person would, intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer a video labeled “mn” shows Sammy Nuckolls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle. Olive Branch, Mississippi. That video shows Mallory Nash enter the bathroom, undress, and rake a shower. She finishes and leaves the bathroom. Mallory Nash would testify that she did not give permission or consent to be recorded.
Testimony would establish that, these videos, were found on the Defendant’s Apple MacBook Pro, (Serial number W8047932ATMA1344). The video was located in the subfolder orange..
STIPULATIONS AND ISSUES
The Parties stipulate that the issue to be preserved for appeal regards the Statute of Limitation, Miss.Code. Ann. § 99-1-5. The parties agree that Counts 3 and 4 are clearly. within the Statute of limitations. The parties further agree that the counts that occurred at the Pigeon Roost Circle address occurred prior to October 25, 2009. The Parties agree that all arguments and testimony regarding the Statute of Limitations are preserved for appeal. Additionally, the parties agree that objections were timely and preserved for appeal as to the issues regarding Statute of Limi *1060 tations. The identities of the individuals are presumed to be accurate.

. The majority is silent as to how or why it is addressing an issue not raised or briefed. The only mechanism by which this Court could decide such, an issue is the plain-error doctrine. However, this Court can reverse ⅝ conviction only if Nuckolls’s "substantive or fundamental rights áre affected," and if the error "resulted in a manifest miscarriage of justice.” Foster v. State, 148 So.3d 1012, 1018 (Miss.2014) (quoting Grayer v, State, 120 So.3d 964, 969 (Miss.2013)). There is rio manifest miscarriage of justice in this case because the sentences for the ten counts the majority overturns are to run concurrently with Counts 3 and 4, which Nuckolls did not appeal.

. Moreover, the majority’s pinpoint citation in footnote 8, Moreno v. State, 79 So.3d 508, is wholly distinguishable from the unique circumstances' presented in this case and should not be relied upon.