# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-00050-SCT

*HOSAN M. AZOMANI a/k/a HOSAN AZOMANI*
*a/k/a HOSAN MENANYA AZOMANI a/k/a DR.*
*AZOMANI a/k/a HOSAN AZOMANI M.D. a/k/a*
*DR. HOSAN M. AZOMANI*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/23/2014 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| TRIAL COURT ATTORNEYS: | SUE M. PERRY |
| | PAT McNAMARA |
| | DERRICK T. SIMMONS |
| | ERRICK D. SIMMONS |
| | D. LEE MARTIN |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GLENN S. SWARTZFAGER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | WILLIE DEWAYNE RICHARDSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/01/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Dr. Hosan Azomani seeks review of the Court of Appeals' affirmance of his

conviction and sentence for two counts of Medicaid fraud in violation of Mississippi Code

Sections 43-13-213 and 43-13-215. We granted certiorari to address venue and statute-of-limitations issues. Finding that venue was proper and that the claims were prosecuted within the statute of limitations, we affirm the judgment of the Court of Appeals and affirm the conviction and sentence of the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2.　　Dr. Azomani practiced pediatric medicine under the name Children's Medical Group of Greenville PLLC, in Greenville, Mississippi, which is located in Washington County. In 2007, the Division of Medicaid conducted an audit of Dr. Azomani's patient files, which revealed three coding errors. Though Dr. Azomani admitted to the errors, he claimed that he had not deliberately made the mistakes.

¶3.　　Later, following three complaints involving Dr. Azomani's choices of treatment for patients, Officer David Delgado of the Medicaid Fraud Control Unit investigated Dr. Azomani's Medicaid billing. Officer Delgado testified that Dr. Azomani regularly billed the highest-level code[1] for almost all of his patients. Specifically on October 19, 2010, Dr. Azomani billed Mississippi Medicaid under the highest-level code for all fifty-six children he treated that day. And on January 3, 2011, he used the same code to bill Medicaid for the sixty-nine children he treated on that day. Using this code for all children treated on those two days, he was reimbursed the highest possible amount for all office visits on those two days, for which Medicaid paid him a total of $14,715.66. Experts who reviewed Dr.

---

[1]The highest-level code under the "Current Procedural Terminology" (CPT) is 99215. This code requires that the doctor spend forty minutes face-to-face with the patient.

Azomani's records for Medicaid unanimously concluded that none of the children Dr. Azomani treated during those two days should have been billed under that code.

¶4. Dr. Azomani was indicted in the Washington County Circuit Court on January 13, 2014, on thirteen counts of Medicaid fraud. He was tried over six days beginning on October 27, 2014. At trial, the State called numerous witnesses involved with the investigation and audit of Dr. Azomani's files. Experts for the State and Dr. Azomani agreed that he improperly billed Medicaid for all of the patients he treated during the two days at issue. Dr. Azomani testified that he did not intend to bill Medicaid improperly. Instead, he claimed that he had relied on the 2007 partial review of his files, which allegedly had suggested incorrectly that he had been billing properly. On November 1, 2014, the jury found him guilty of two counts of fraudulently misusing the highest-level billing code, an inappropriate code for the 125 children he treated on the two aforementioned days. Dr. Azomani was acquitted on the other eleven counts. Dr. Azomani was sentenced to three years for each count, to be served concurrently.

¶5. Dr. Azomani appealed, raising multiple issues including: (1) improper venue, (2) variance between the jury-instruction language and the indictment language, (3) indictment after the statute-of-limitations period, (4) the State's failure to prove beyond a reasonable doubt that Dr. Azomani willfully, unlawfully, and feloniously made false, fictitious, and fraudulent claims for Medicaid benefits, (5) ineffective assistance of counsel, and (6) cumulative errors that warranted reversal. The Court of Appeals found that none of these

3

issues warranted reversal and affirmed the trial court's judgment. *Azomani v. State*, 2016 WL 4187614 (Miss. Ct. App. Aug. 9, 2016).

¶6.     This Court granted certiorari to review issues (1) and (3). *See* Miss. R. App. P. 17(h).

**DISCUSSION**

**I. Whether Hosan M. Azomani was denied his right to due process under the United States and Mississippi Constitutions when the State failed to establish proper venue.**

¶7.     During pretrial proceedings, Dr. Azomani filed a motion to dismiss for improper venue, arguing that venue would be proper in Madison County, his home county, or Hinds County, pursuant to Mississippi Code Section 43-13-223(1) of the Medicaid Fraud Control Act. *See* Miss. Code Ann. § 43-13-223(1) (Rev. 2015). However, Dr. Azomani's lawyer advised the trial court that he was not going to pursue the motion for improper venue. While Dr. Azomani's counsel did state he might address the motion later, he failed to pursue it, and no ruling was made on the motion. Following the State's case, Dr. Azomani moved for a directed verdict based on the State's failure to prove venue. The trial court denied the motion, finding that the State had proven that Dr. Azomani's practice, patients, patients' records, and other evidence were originated, performed, or retained in Washington County.[2]

¶8.     Dr. Azomani, for the first time on appeal, asserted that the State had failed to establish venue, denying his right to due process under the Constitutions of the United States and the

---

[2]While Dr. Azomani stated in both his briefs and petition for certiorari that the trial court erred in denying his motion for directed verdict, he failed to assert his right to review on the issue since the issue was not supported by any authority. *Brown v. State*, 534 So. 2d 1019, 1023 (Miss. 1988) (The Court had no obligation to consider the issue for defendant's failure to provide authority for the argument).

State of Mississippi. The Court of Appeals found that the venue issue asserted under the Medicaid Fraud Control Act was waived, and, as a result, it found the issue was procedurally barred. *Azomani v. State*, 2016 WL 4187614, *2 (Miss. Ct. App. Aug. 9, 2016). The Court of Appeals determined that, because venue was established pursuant to Article 3, Section 26 of the Mississippi Constitution, Section 43-13-223(1) must apply only to civil actions. *Id.* at *4.[3]

¶9.    Dr. Azomani in his Petition for Certiorari takes issue with the holding of the Court of Appeals concerning waiver of his venue claim for failure to bring his motion to a hearing. He asserts that the issue of venue can be raised for the first time on appeal as a constitutional right. *Rogers v. State*, 95 So. 3d 623, 630 (Miss. 2012) (citing *Gillett v. State*, 56 So. 3d 469, 502 (Miss. 2010) (finding that venue in criminal cases is jurisdictional and may be raised for the first time on appeal)). Dr. Azomani is correct in his assertion that the Court of Appeals erred in holding venue in a criminal case can be waived. [4] After finding that a review of Dr. Azomani's original venue motion was procedurally barred, the Court of Appeals also reviewed the claim of improper venue on the merits as an exception to the procedural bar.

---

[3]The entire act addresses both civil and criminal actions. Criminal penalties are established in Section 43-13-215 and civil penalties are provided for under Section 43-13-225.

[4]In discussing the waiver of venue, the Court of Appeals stated that this Court previously had found that the Court of Appeals "went too far when applying the principle that venue is not waivable." *Azomani*, 2016 WL 4187614, at *3 (citing *Moreno v. State*, 79 So. 3d 508, 511 (Miss. 2012)). However, *Moreno* dealt with an appeal from a trial court's denial of post-conviction-relief proceedings and not a direct appeal situation as the case sub judice. *Moreno*, 79 So. 3d at 511. This Court will not, as a rule, consider a claim for improper venue filed for the first time in post-conviction-relief proceedings. *Id.*

*Azomani*, 2016 WL 4187614, at *2 (quoting *Foster v. State*, 148 So. 3d 1012, 1016 (¶ 12) (Miss. 2014)). The Court of Appeals found the issue was without merit because Article 3, Section 26 of the Mississippi Constitution provides that a defendant has a constitutional right to be tried in the county where the offense was committed. *Id.*

¶10.     In his Petition for Certiorari, Dr. Azomani conflates a statutory venue provision into a constitutional right. We disagree that Dr. Azomani has a constitutional right to venue under Section 43-13-223(1). As the Court of Appeals recognized, the constitutional right to venue is set out in Article 3, Section 26, which directs that the accused shall have a right to a "public trial by an impartial jury of the county *where the offense was committed*." *State v. Caldwell*, 492 So. 2d 575, 577 (Miss. 1986) (emphasis added). As correctly noted by the Court of Appeals, the only reasonable interpretation of the venue provisions under the Medicaid Fraud Control Act under Section 43-13-223(1) is that their application would be limited to civil cases. *Azomani*, 2016 WL 4187614, at *4; *see also Walker v. State*, 881 So. 2d 820, 824 (Miss. 2004) (statutes are presumed to be constitutional).

¶11.     Because Dr. Azomani's trial was in the county "where the offense was committed," as provided by the Mississippi Constitution, we find that venue was proper in Washington County and that this issue is without merit.

### II. Whether Medicaid fraud is within the exception to the two-year statute of limitations.

¶12.     In 1998, the Mississippi Legislature amended Mississippi Code Section 99-1-5 and added "obtaining money or property under false pretenses or by fraud" to the list of the crimes that are exempt from the two-year statute of limitations. At that time and even today,

6

no crimes are specifically entitled "obtaining money or property under false pretenses or by fraud," as provided in the statute. Miss. Code Ann. § 99-1-5 (Rev. 2015). Dr. Azomani argued that, since Mississippi Code Section 99-1-5 specifically does not include "Medicaid fraud," then Medicaid fraud has a two-year statute of limitations.

¶13. In *Moffett v. State*, Moffett argued that, since capital murder was not listed specifically under Section 99-1-5, it was not exempt from the two-year statute of limitations. *Moffett v. State*, 49 So. 3d 1073, 1081 (Miss. 2010). Relying on a Texas case which dealt with a similar issue, this Court addressed the issue as one of first impression. *Id.* at 1082 (citing *Fearance v. State*, 771 S.W. 2d 486, 494-95 (Tex. Crim. App. 1988)). We found that capital murder was a species of murder, and as such, it had no statute of limitations. *Id.*

¶14. In another case, a similar argument was advanced with the same result. The Court of Appeals, in *Hernandez v. State*, 137 So. 3d 889 (Miss. Ct. App. 2013), correctly reasoned that, even though statutory rape was not expressly set out in Section 99-1-5, "it is within the definition of rape for purposes of the exceptions to the general two-year statute of limitations." *Id.* at 892. Accordingly, we find that Medicaid fraud is a species of or within the definition of "obtaining money or property under false pretenses or by fraud" and that this issue is without merit.

**CONCLUSION**

¶15. Finding that Dr. Azomani was indicted and convicted in the proper venue and that Medicaid fraud is exempt from the two-year statute of limitations, we affirm the judgment

7

of the Court of Appeals and affirm the trial court's judgment including conviction and sentence for both counts of Medicaid fraud.

¶16.  **THE JUDGMENTS OF THE COURT OF APPEALS AND THE WASHINGTON COUNTY CIRCUIT COURT ARE AFFIRMED. COUNT I: CONVICTION OF MEDICAID FRAUD AND SENTENCE OF THREE (3) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SUSPEND EXECUTION, TO BE SERVED AS ONE (1) YEAR SUPERVISED PROBATION FOLLOWED BY TWO (2) YEARS UNSUPERVISED PROBATION, AFFIRMED. COUNT II: CONVICTION OF MEDICAID FRAUD AND SENTENCE OF THREE (3) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SUSPEND EXECUTION, TO BE SERVED AS ONE (1) YEAR SUPERVISED PROBATION FOLLOWED BY TWO (2) YEARS UNSUPERVISED PROBATION, AFFIRMED.  SENTENCE IN COUNT II SHALL RUN CONCURRENTLY WITH THE SENTENCE IN COUNT I.  APPELLANT SHALL COMPLETE 100 HOURS OF COMMUNITY SERVICE. APPELLANT SHALL PAY COURT COSTS AND ASSESSMENTS, $6,621.37 AS THE AMOUNT RECEIVED IN COUNT I OF THE INDICTMENT PAYABLE TO THE STATE OF MISSISSIPPI DIVISION OF MEDICAID, $8,094.39 AS THE AMOUNT RECEIVED IN COUNT II OF THE INDICTMENT PAYABLE TO THE STATE OF MISSISSIPPI DIVISION OF MEDICAID, AND $44,147.28 AS TREBLE DAMAGES AUTHORIZED BY THE MEDICAID FRAUD CONTROL ACT: MISS. CODE ANN. § 43-13-225 PAYABLE TO THE STATE OF MISSISSIPPI OFFICE OF THE ATTORNEY GENERAL. PAYMENT PLAN TO BE FILED BY PROBATION AND PAROLE.**

**RANDOLPH, P.J., KITCHENS, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.  DICKINSON,  P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY COLEMAN, J.  KING, J., NOT PARTICIPATING.**

**DICKINSON, PRESIDING JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶17.  Today, the majority perpetuates the imprecise dicta from previous cases regarding venue in criminal cases by holding that Article 3, Section 26 of the Mississippi Constitution mandates venue in the county where the criminal offense was committed.  Article 3, Section 26 of the Mississippi Constitution provides: "In all criminal prosecutions the accused shall

8

have a right to . . . a speedy and public trial *by an impartial jury of the county where the offense was committed*."[5]  The provision neither mentions nor mandates venue in any particular county.  Upon careful review of the Constitution's precise language, I respectfully disagree with the majority's reasoning.

¶18.    Dr. Azomani was indicted and convicted in Washington County, where he committed Medicaid fraud.  He argues that, for Medicaid fraud, venue for his crime is set by Mississippi Code Section 43-13-223, which provides that a Medicaid-fraud prosecution "may be filed in the circuit court of the First Judicial District of Hinds County or in the circuit court of the county in which the defendant resides."[6]  And because the statute does not provide for venue in Washington County, the county where the crime was committed, Dr. Azomani argues the State failed to prove Washington County was a permissible venue.

¶19.    The majority finds venue proper in Washington County based on Article 3, Section 26 of the Mississippi Constitution.  But venue is "the proper or a possible *place* for a lawsuit to proceed,"[7] and Article 3, Section 26 says nothing about *where* a prosecution must occur.  Instead, it guarantees the defendant a jury drawn from a particular county.[8]

---

[5] Miss. Const. art. 3, § 26 (emphasis added).

[6] Miss. Code Ann. § 43-13-223(1) (Rev. 2015) (emphasis added).

[7] *Venue*, Black's Law Dictionary 1339 (abr. 9th ed. 2010) (emphasis added).

[8] Miss. Const. art. 3, § 26.

¶20. At times, this Court loosely has referred to Article 3, Section 26 as a venue requirement.[9] But we never have faced a case that required us to determine whether that provision requires a trial physically to be held in a particular county, or only that the jury be selected from a particular county. In my view, this Court should honor the clear language of the constitutional provision—"trial by an impartial jury of the county where the offense was committed"—and cease to apply it to the location of the trial. However, as to Dr. Azomani's case, the inquiry does not end here.

¶21. Mississippi Code Section 99-11-3 provides that "[t]he local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed."[10] So in most cases—including the one before us today—Section 99-11-3 establishes venue in the county where the crime was committed.

¶22. While Mississippi Code Section 43-13-223 does provide that a Medicaid-fraud prosecution "*may* be filed in the circuit court of the First Judicial District of Hinds County or in the circuit court of the county in which the defendant resides,"[11] it contains no language suggesting a Medicaid-fraud prosecution may be brought only in those counties. Instead, it simply states the action *may* be brought there, thus allowing for venue in other counties where venue is provided by statute. In my view, Section 43-13-223's permissive language

---

[9] *See e.g.* **Nuckolls v. State**, 179 So. 3d 1046, 1048–49 (Miss. 2015) (citing **Smith v. State**, 646 So. 2d 538, 541 (Miss. 1994); quoting **Rogers v. State**, 95 So. 3d 623, 630 (Miss. 2012) (quoting Miss. Const. art. 3, § 26)).

[10] Miss. Code Ann. § 99-11-3 (Rev. 2015).

[11] Miss. Code Ann. § 43-13-223(1) (Rev. 2015) (emphasis added).

10

simply adds permissible venues to the one in Section 99-11-3. So, because I believe venue was proper under Section 99-11-3, I concur in part and in result.

**COLEMAN, J., JOINS THIS OPINION**.